(No. 2665— )

MICHAEL W. BERGEN, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 8, 1941.*

CLAIMANT, pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

This claim is submitted upon an original and an amended complaint; the facts being that on April 9, 1935, claimant was employed under a classification as vault clerk for respondent in the office of the Secretary of State in the State Capitol Building, Springfield, Illinois. The duties were more that of a messenger or helper than as a clerk, in that claimant's work was to remove and replace the corporate files in the several vaults operated by the Corporation Department. One vault is about twenty-five (25) feet high, with a subfloor about fifteen (15) feet above the first. The second floor is reached by climbing an iron stairway that runs from first to second floor at an angle of about seventy (70) degrees. The upper vault is nine (9) by fourteen (14) feet, and in addition to the stairway is reached with four twelve (12) foot ladders used in taking or replacing files from that vault. The latter is so small that it is impossible to fasten the ladders in such a way that they will not wobble when being used. In descending one of these ladders while removing a file, claimant's foot slipped and he fell, striking his leg near the crotch on the corner of a chair, by reason of which his leg was torn to such an extent that four stitches were required, and by reason thereof claimant was forced to be absent from his work for two weeks and to procure medical assistance, for which he expended the sum of Twenty-nine ($29.00) Dollars.

No claim is made for disability, but claimant seeks an award in reimbursement of the expense occasioned by him in said sum of Twenty-nine ($29.00) Dollars.

The Secretary of State has charge of the State House and the operation of same, and therein causes to be operated several elevators necessary for the handling of traffic. We have heretofore held that where the particular work done by the individual employee who suffers injuries while so employed by the Secretary of State, was in fact hazardous, such employee would be entitled to compensation under the provisions of the Workmen's Compensation Act. This case is

somewhat analogous to the case of *Alfred W. Evans* vs. *State,* C. C. R. No. 3087, wherein an award was granted March 12, 1941, for injuries and medical expense incurred by Claimant Evans while employed as a janitor custodian in the Attorney General's office. In the course of his duties he tripped on a chair and his left hand was thrust into a moving fan, breaking the bones and tearing the ligaments of his fingers. An award was allowed therein for such accidental injuries and medical care.

Another analogous case is that of *Dorothy C. Lynch,* 9 C. C. R. 290, in which claimant while employed as a file clerk in the Automobile License Department of the Secretary of State's office, was injured by a fall from an iron stairway leading from the main floor to a balcony in the office where she was employed. Because of the use of sharp-edged cutting tools employed in that office and of municipal regulations applying thereto, the court there held that the enterprise in which claimant was employed at the time of the accident in question was an extra hazardous enterprise within the meaning of those words as used in Section 3 of the Workmen's Compensation Act. In the *Lynch* case application for compensation not having been filed within the time required by Section 24 of the Act, no award for disability was allowed, but it appearing therein that claimant had incurred medical, surgical and hospital bills to a large amount in being cured of the effects of the injury, an award was entered under Section 8 of the Workmen's Compensation Act in payment of such medical and hospital bills, the court there holding that "Inasmuch as Section 8 of the Compensation Act provides that furnishing by the employer of medical, surgical or hospital services shall not be construed as the payment of compensation, the requirements of Section 24 do not apply to claims within the Act for medical, surgical or hospital services as distinguished from claims for compensation for injuries."

The court finds that claimant, Michael W. Bergen, suffered accidental injuries arising out of and in the course of his employment while employed by respondent; that due notice of the accident and claim for medical aid and the application for payment thereof were all made within the statutory period prescribed by the Illinois Workmen's Compensation Act, and that claimant is entitled to an award in reimbursement of the moneys expended or payable by him for

medical aid in recovering from the effects thereof in the sum of Twenty-nine ($29.00) Dollars.

An award is therefore allowed in favor of claimant in reimbursement of the expenses incurred by him as aforesaid in the sum of Twenty-nine ($29.00) Dollars for injuries arising out of and in the course of his employment.